# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL COPELAND,**
**Claimant Below, Petitioner**

**vs.)  No. 13-1231**  (BOR Appeal No. 2048534)
(Claim No. 2011039263)

**LITTLE EAGLE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Copeland, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Little Eagle Coal Company, by Robert Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2013, in which the Board affirmed a June 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 21, 2012, decision granting Mr. Copeland a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Copeland was injured on May 2, 2011, when he was involved in an accident while riding on a mantrip, and the claim was later held compensable for injury to other sites of the trunk. On March 15, 2012, Joseph Grady II, M.D., performed an independent medical evaluation and found that Mr. Copeland sustained 0% whole person impairment as a result of the May 2, 2011, compensable injury. On March 21, 2012, the claims administrator granted Mr. Copeland a 0% permanent partial disability award based on Dr. Grady's evaluation.

1

On September 7, 2012, Robert Walker, M.D., performed an independent medical evaluation. Dr. Walker opined that Mr. Copeland sustained 8% whole person impairment as a result of range of motion abnormalities, pain, and rigidity in the lumbar spine arising from the May 2, 2011, compensable injury. On December 11, 2012, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. He found that Mr. Copeland's range of motion in the spine was normal with no evidence of motor or sensory deficits, and therefore opined that Mr. Copeland sustained 0% whole person impairment as a result of the May 2, 2011, compensable injury. On January 8, 2013, Dr. Mukkamala issued an addendum to his initial report in which he opined that Dr. Walker's finding of range of motion loss could not have represented permanent impairment as he found that Mr. Copeland had normal range of motion three months after Dr. Walker's evaluation.

In its Order affirming the March 21, 2012, claims administrator's decision, the Office of Judges held that the preponderance of the evidence demonstrates that Mr. Copeland is entitled to a 0% permanent partial disability award for the May 2, 2011, compensable injury. Mr. Copeland disputes this finding and asserts that the evidence of record demonstrates that he is entitled to an 8% permanent partial disability award.

The Office of Judges noted that both Dr. Grady and Dr. Mukkamala found that Mr. Copeland had normal range of motion in the spine and no ratable spine disorder arising from the compensable injury, whereas Dr. Walker found both range of motion loss and a ratable spine disorder arising from the compensable injury. The Office of Judges further noted that Dr. Walker's examination took place after Dr. Grady's evaluation finding 0% whole person impairment, but before Dr. Mukkamala's evaluation also finding 0% whole person impairment. Finally, the Office of Judges concluded that Dr. Walker's report is less reliable than the reports of Dr. Grady and Dr. Mukkamala. The Board of Review reached the same reasoned conclusions in its decision of November 21, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II